# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### May 13, 2003 Session

## NEW COVENANT BAPTIST CHURCH v. PANTHER SARK, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 140440-3     Thomas R. Frierson, II, Chancellor**

**FILED JULY 8, 2003**

**No. E2002-02693-COA-R3-CV**

The origin of this appeal was a suit for declaratory judgment filed by New Covenant Baptist Church against Panther Sark, Carter Rome Eddleman Real Estate, LLC, Vincon, LLC, Subland, LLC, Rufus H. Smith & Co., John T. Hart, and Koontz, Loy & Taylor, LLC, owners of property in the Technology Park West Subdivision in Knox County. The suit sought a declaration that the restrictive covenants applicable to the subdivision did not preclude the church from using it as an entrance driveway to a new church the membership proposed to build on adjacent property. The Trial Court found that such use would not be a violation of any restrictive covenant. This determination was appealed and, by an opinion of this Court filed in Knoxville on February 28, 2002, we reversed the Trial Court's determination and held the lot owned by New Covenant could not be used in such a manner. Upon remand the Defendants moved to recover their attorney fees pursuant to a restrictive covenant as to lots in the subdivision. The Trial Court found in favor of New Covenant, resulting in this appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., joined. CHARLES D SUSANO, JR., J., filed a dissenting opinion.

Thomas M. Hale, Knoxville, Tennessee, for the Appellants, Panther Sark, Carter Rome Eddleman Real Estate, LLC, Subland, LLC, and Koontz, Loy & Taylor, LLC

George W. Morton, Knoxville, Tennessee, for the Appellee, New Covenant Baptist Church

### OPINION

The covenant in question provides the following:

> In any proceedings at law or equity to enforce these restrictions or for violation thereof, the losing party shall pay the attorney's fees of the prevailing party in such amount as may be fixed by the court in such proceedings.

The Trial Judge, however, held that T.C.A.29-14-111,[1] relative to declaratory judgment acts accorded him the discretion of adjudging costs in an equitable manner. He concluded it would not be equitable to require New Covenant to pay attorney fees.

The Defendants appeal, contending the Court has misconstrued the statute in that "cost" as used in the statute is inapplicable to attorney fees. They further argue that even if the statute was applicable it would have been equitable to adjudge costs against New Covenant.

We note that the provisions of the restrictions authorizing attorney fees applies only to suits to enforce the restrictions or for violation thereof. The case *sub judice* is neither, but rather a suit seeking a declaration of the rights of the parties under the restrictions. We are persuaded that the covenant as to attorney fees does not encompass the case filed by New Covenant rendering it unnecessary that we determine whether attorney fees are embraced in the word "cost" as used in T.C.A. 29-14-111.

For the foregoing reasons the judgment of the Trial Court is affirmed on a ground other than that found by the Chancellor and the cause remanded for collection of costs below. Costs of appeal are adjudged against Panther Sark, Carter Rome Eddleman Real Estate, LLC, Subland, LLC, and Koontz, Loy & Taylor, LLC.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

---

[1] **29-14-111**. **Costs.** – In any proceeding under this chapter, the court may make such award of cost as may seem equitable and just.

-2-